40 F.3d 474
 309 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Lester Leon GIBSON, also known as Leon, Appellant.
 No. 93-3162.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1994.
 
 Before: WALD, HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that Gibson's sentence be affirmed for the reasons stated in the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant Lester Leon Gibson appeals his sentence for conspiring to distribute crack cocaine. Gibson asserts that the district court erred in including 18.95 grams of crack seized from the room of Kenneth Hayes, a co-conspirator who resided in the same boarding house.
 
 
 5
 Gibson has acknowledged that he participated in a conspiracy to distribute crack cocaine from a boarding house located at 2900 Rhode Island Avenue, NE, and that he knew that Kenneth Hayes was channeling drugs into the house. Furthermore, Gibson offers no evidence to support his claim that the drugs seized from Hayes's room on October 21, 1992, were to be used for bulk sales rather than to replenish the runners, and this claim is inconsistent with the fact that the October 21 sale to the undercover officer was not completed in part because Hayes did not have enough crack. Finally, Gibson did nothing to disengage himself from the conspiracy prior to the October 21 seizure, and he had in fact made a sale the day before and was present at the boarding house on October 21. In light of these facts, the district court did not clearly err in holding that Hayes's possession of the crack seized on October 21 was in furtherance of the conspiracy and was reasonably foreseeable to Gibson, and that the drugs should therefore be included in the calculation of Gibson's sentence.